IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Lee Perry, | ) | C/A No.: 1:11-328-CMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| John R. Owens, Warden FCI Williamsburg, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Plaintiff Robert Lee Perry, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.    Factual Background

Petitioner states that he was sentenced on January 5, 2006 by the United States District Court for the Middle District of North Carolina to a 166-month term of imprisonment. [Entry #1-4 at 1]. Plaintiff asserts that "[a]t the time of sentencing, petitioner was in the custody of the state of North Carolina serving a prison sentence based on charges stemming from the [same] criminal conduct as petitioner's current Federal charges." *Id*. After imposition of the federal sentence, Petitioner alleges he was returned to the state of North Carolina to complete his state sentence. Upon completion

of his state sentence, petitioner was returned to the Bureau of Prisons ("BOP") to serve what he believed to be the remainder of his federal sentence. *Id.* However, after being transferred to federal custody, Petitioner learned that he did not receive credit toward his federal sentence for the time spent in state custody. Petitioner alleges that the BOP "could conclude petitioner should receive credit for time served in state custody because the initial state charges arose out of the same incident as his Federal conviction." *Id.* at 4. Petitioner moves the court "to designate a nunc pro tunc[1] Federal sentence consistent with 18 U.S.C. § 3585(b)." *Id.* Petitioner states that he exhausted the available administrative remedies prior to filing the instant action. *Id.* at 3.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989);

---

[1] Under certain circumstances, the Attorney General or the BOP may designate that a federal sentence commence while the prisoner is in state custody. *See United States v. Evans*, 159 F.3d 908, 911–12 (4th Cir. 1998). This process is known as "*nunc pro tunc*" designation.

2

*Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

B.   Analysis

A term of imprisonment "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In determining credit for prior custody, the statute directs that a "defendant shall be given credit toward the service of a term of imprisonment for any time spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the

sentence was imposed; *that has not been credited against another sentence*." 18 U.S.C. § 3585(b) (emphasis added). "The reasoning for denying Prior Custody Credit under § 3585(b) is that a prisoner cannot receive double credit." *Bacon v. Federal Bureau of Prisons*, C/A No. 6:00545-18AK, 2001 WL 34684734 at *5 (D.S.C. March 22, 2001); *see also Beard v. Bureau of Prisons*, C/A No. 97-7514, 1998 WL 25047 (4th Cir. Jan. 22, 1998).

In the instant action, Petitioner claims that he should be given credit by the BOP towards his federal sentence for time spent in state custody. Petitioner bases his contention on the fact that his federal sentence stems from the same criminal conduct as a previously-imposed state sentence. However, the Petition reveals that the time Petitioner spent in state custody was credited toward his state sentence, which he completed prior to being transferred to BOP custody. [Entry #1]. As the time Petitioner served in state custody has "been credited against another sentence," § 3585(b) does not entitle Petitioner to the *nunc pro tunc* designation he seeks. It is further noted that the judgment in Petitioner's federal criminal case states that Petitioner's federal sentence "shall run consecutively to the state court sentence the defendant is currently serving." *See USA v. Perry*, Cr. Action No. 1:05-00149-NCT (M.D.N.C. Jan. 27, 2006) [Entry #117 at 2]. Thus, it does not appear that the federal sentencing court intended for Petitioner to receive credit towards his federal sentence for time spent in service of Petitioner's North Carolina state sentence.

III.     Conclusion

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without issuance and service of process upon the Respondent.

IT IS SO RECOMMENDED.

April 25, 2011                                            Shiva V. Hodges
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**